**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHERMAN ROY** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 15-4447** |
| **AMERICAN COVERS INC., et al.** | **SECTION: "G"(2)** |

**ORDER**

Before the Court is Plaintiff Sherman Roy's "Motion to Remand."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

**I. Background**

Plaintiff alleges that on August 22, 2014, he was injured when the equipment he was operating malfunctioned and his index finger got caught in a spinning metal piece of the machine.[2] Plaintiff alleges that his index finger was amputated.[3] Plaintiff names as Defendants Eagle Bending Machines, Inc., which he alleges manufactured the equipment, as well as Cincinnati Specialty Underwriters Insurance Company, which he alleges is Eagle Bending Machines, Inc.'s insurer.[4] Plaintiff also names as Defendants his employer, American Covers

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-1 at 2.

[3] *Id.*

[4] *Id.* Plaintiff alleged that these companies were named Eagle Bender Machine and Cincinnati Insurance Company; however, these defendants assert that their correct names are Eagle Bending Machines, Inc. and Cincinnati Specialty Underwriters Insurance Co. Rec. Doc. 9 at 1.

Inc., and Markel Insurance Company, which he alleges maintained Plaintiff's workers' compensation insurance.[5]

Plaintiff filed his petition for damages in the 24th Judicial Court for the Parish of Jefferson on August 7, 2015.[6] Defendants Eagle Bending Machines, Inc. and Cincinnati Specialty Underwriters Insurance Co. removed the case to this Court on September 16, 2015.[7] Plaintiff filed the instant motion on October 1, 2015.[8] Defendants Eagle Bending Machines, Inc. and Cincinnati Specialty Underwriters Insurance Co. filed an opposition on November 2, 2015.[9] On March 9, 2016, the Court granted Defendants American Covers Inc. and Markel Insurance Co.'s unopposed motion to dismiss the claims against them with prejudice.[10]

## II. Parties' Arguments

In his motion to remand, Plaintiff asserts that he and his employer, American Covers Inc., are both citizens of Louisiana and therefore removal was not proper because Plaintiff is not diverse from all defendants.[11] Plaintiff also seeks costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c).[12] In their opposition to the motion to remand, Defendants Eagle Bending

---

[5] Rec. Doc. 1-1 at 2. Plaintiff listed First Comp Insurance Co. as the workers' compensation insurance company; however, Markel Insurance Co. asserts that Plaintiff incorrectly styled it as First Comp Insurance Co. Rec. Doc. 14 at 1.

[6] Rec. Doc. 1-1.

[7] Rec. Doc. 1.

[8] Rec. Doc. 7.

[9] Rec. Doc. 9.

[10] Rec. Doc. 15.

[11] Rec. Doc. 7-1 at 1–2.

[12] *Id.* at 3.

Machines, Inc. and Cincinnati Specialty Underwriters Insurance Co. argue that the motion should be denied because American Covers Inc., the non-diverse defendant, was improperly joined and there is diversity of jurisdiction between Plaintiff and all of the properly joined defendants.[13] Eagle Bending Machines, Inc. and Cincinnati Specialty Underwriters Insurance Co. contend that pursuant to the Louisiana Workers' Compensation Statute, Plaintiff's claims against his employer, American Covers Inc., are barred because negligence claims are barred by the workers' compensation statute, which has an exclusive remedy provision limiting the compensation of an employee who has been injured in the scope and course of his employment to workers' compensation benefits.[14]

## **III. Law and Analysis**

### ***A. Legal Standard***

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[15] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[16] The removing party bears the burden of demonstrating that federal jurisdiction exists.[17] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts

---

[13] Rec. Doc. 9 at 2.

[14] *Id.* at 3.

[15] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[16] 28 U.S.C. § 1332(a)(1).

[17] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[18] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[19]

Improper joinder provides a "narrow exception" to the complete diversity requirement for removal jurisdiction.[20] "The party seeking removal bears a heavy burden of proving that joinder of the in-state party was improper."[21] Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor.[22] The court must also take into account the "status of discovery" and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant.[23] The district court is "not to conduct a mini-trial" of the plaintiff's claims, but must only determine whether there is a possibility that the plaintiff has set forth a valid cause of action against that defendant.[24] Unless it is clear that the non-diverse defendant has been improperly joined, the case should be remanded to the state court from which it was removed.[25]

---

[18] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[19] *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir. 1988)).

[20] *McDonal v. Abbott Labs*., 408 F.3d 177, 183 (5th Cir. 2005).

[21] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

[22] *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

[23] *Id.*

[24] *Id.* at 336 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

[25] *Id.* at 337.

If a non-diverse defendant has been improperly joined to an action, a party may remove the action by showing either (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant.[26] Here, American Covers Inc. and Markel Insurance Co. have not alleged actual fraud in pleading jurisdictional facts; accordingly, the first prong of the improper joinder test is not at issue in this case. Under the second prong, joinder is improper if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[27] District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways. First, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[28] Second, in rare cases, if "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[29]

***B. Analysis***

Defendants Eagle Bending Machines, Inc. and Cincinnati Specialty Underwriters Insurance Co. argue that American Covers, Inc., the non-diverse defendant, was improperly joined and there is diversity of jurisdiction between Plaintiff and all of the properly joined

[26] *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 646–47).

[27] *Id.*; *see also Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 536 (E.D. La. 2006) (Fallon, J.).

[28] *Id.*

[29] *Id.*

defendants.[30] Eagle Bending Machines, Inc. and Cincinnati Specialty Underwriters Insurance Co. contend that Plaintiff's claims against American Covers, Inc. are barred by the Louisiana Workers' Compensation Statute, which contains an exclusive remedy provision limiting the compensation of an employee who has been injured in the scope and course of his employment to workers' compensation benefits.[31]

On March 4, 2016, American Covers Inc. and Markel Insurance Co. filed an unopposed motion to dismiss with prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[32] American Covers Inc. and Markel Insurance Co. asserted, and Plaintiff did not contest, that the Louisiana Workers' Compensation Court has exclusive jurisdiction over Plaintiff's workers' compensation claim and that pursuant to Louisiana Revised Statute § 23:1032, as an employee injured while in the course and scope of his employment, Plaintiff's exclusive remedy against his employer is for workers' compensation benefits and he may not sue his employer in tort.[33] Therefore, as Plaintiff has consented to the motion, he has, in effect, conceded that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[34]

Louisiana Revised Statute § 23:1032 provides that except for "intentional acts,"

---

[30] Rec. Doc. 9 at 2.

[31] *Id.* at 3.

[32] Rec. Doc. 15 at 1.

[33] Rec. Doc. 14 at 2 (citing *Broussard v. Lafayette City-Parish Consolidated Gov't*, 45 F. Supp. 3d 553, 579 (W.D. La. 2014)).

[34] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

workers' compensation is the exclusive remedy for an employee who has been injured in the scope and course of his employment. The Louisiana Supreme Court has held that "intent," in this context, means that a person either "consciously desires the physical result of his act" or "knows that the result is substantially certain to follow from his conduct."[35] It is not sufficient that an individual believes that someone may, or even probably will, get hurt if a workplace practice is continued; rather, "substantially certain" has been interpreted to being equivalent to "inevitable" and "incapable of failing."[36]

Here, Plaintiff alleges that the machine he was working on was faulty, but that his supervisor advised him to continue using the machine.[37] The Louisiana Supreme Court has held that gross negligence does not meet the intentional act requirement to recover for personal injuries sustained in the course and scope of employment.[38] In the Louisiana Third Circuit Court of Appeal case *Holliday v. B.E. & K. Construction Co.*, the plaintiff filed an affidavit in which he stated that he informed his supervisors that a machine was dangerous and that he attempted to refuse to work on the machine.[39] The plaintiff alleged that he was ordered to perform the work, and was injured as a result.[40] The court affirmed the lower court's grant of summary

---

[35] *Reeves v. Structural Pres. Sys.*, 98-1795 (La. 3/12/99); 731 So. 2d 208, 211 (quoting *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981)).

[36] *Id*. at 212–13.

[37] Rec. Doc. 1-1 at 2.

[38] *Reeves*, 731 So. 2d at 212.

[39] 563 So. 2d 1333, 1334 (La. App. 3 Cir. 6/26/90).

[40] *Id.*

judgment in favor of the defendant, concluding that the "mere knowledge that a machine is dangerous and therefore that its use creates a high probability that someone will eventually be injured from such use is not the substantial certainty needed to establish intent under La. R.S. 23:1032."[41] Plaintiff has not alleged any other facts to support a claim that his supervisor either consciously desired Plaintiff's injury or that it was "substantially certain" that injury would result from his use of the machine. Therefore, workers' compensation is Plaintiff's exclusive remedy and there is no reasonable basis for the Court to predict that Plaintiff might be able to recover in this Court against the non-diverse defendant, American Covers, Inc.[42] As the non-diverse parties have been dismissed and there is complete diversity between Plaintiff and the remaining defendants, the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

**IV. Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[43] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 29th day of April, 2016.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[41] *Id.*

[42] *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[43] Rec. Doc. 7.